IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN T., § | |
|     Plaintiff, § | |
| § | |
| v. § | Case No. 3:24-cv-00268-BT |
| § | |
| MICHELLE KING, ACTING § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY[1], § | |
|     Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Kevin T.'s[2] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security (ECF No. 1). This action is before the undersigned United States Magistrate Judge by consent of the parties (ECF No. 10). For the reasons explained below, the Court REVERSES the Commissioner's decision and REMANDS the case to the Commissioner.

## Background

Plaintiff alleges that he is disabled due to a variety of physical and mental impairments, including side effects from multiple anti-psychotic medications,

---

[1] In January 2025, Michelle King became the Acting Commissioner of Social Security. Acting Commissioner Michelle King, Soc. Sec. Admin., https://www.ssa.gov/agency/commissioner [https://perma.cc/Q2ZD-DP4G]. She is "automatically substituted" as the defendant here. Fed. R. Civ. P. 25(d).

[2] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018, Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

unsuccessful reconstructive surgery, high blood pressure, arthritis, depression, anxiety, bipolar disorder, and posttraumatic stress disorder (PTSD). Admin. R. 56, 67, 198, ECF No. 9-1.[3] Plaintiff was born in 1989, and he claims that he has been disabled since January 1, 2017. Admin. R. 185. Plaintiff is a high school graduate and a United States Veteran who served as an infantryman in Afghanistan until 2010. Admin. R. 199, 42. He has past relevant work experience as a customer service representative and as a sales representative. Admin. R. 29.

Plaintiff applied for disability insurance benefits under Title II of the Social Security Act (the "Act") on January 7, 2022. Admin. R. 19. His claim was denied initially and upon reconsideration. Admin. R. 54, 62. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge (ALJ), who conducted a telephonic administrative hearing on September 22, 2023.[4] Admin. R. 36-53.

The ALJ found Plaintiff was not disabled and thus not entitled to disability insurance benefits under the Act. Admin. R. 30-31. Utilizing the five-step sequential evaluation,[5] the ALJ first found that Plaintiff had not engaged in

---

[3] Citations to the record refer to the CM/ECF page numbers at the top of each page rather than page numbers at the bottom of each filing.
[4] Plaintiff agreed to appear by telephone for the hearing. Admin. R. 19.
[5] "In evaluating a disability claim, the [ALJ] conducts a five-step sequential analysis to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue,* 501 F.3d 446, 447-48 (5th Cir. 2007). The plaintiff bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the ALJ to show that there is

substantial gainful activity from January 1, 2017, his alleged onset date, through December 31, 2021, his date last insured. Admin. R. 21. At the second step, the ALJ noted that Plaintiff experienced severe impairments of "right knee and left hip osteoarthritis; lumbar degenerative disease[;] hypertension[;] major depressive disorder; and [PTSD]." Admin. R. 21. At the third step, the ALJ determined that Plaintiff's severe impairments did not meet or medically equal any listed impairment in appendix 1 of the social security regulations. Admin. R. 22.

Next, the ALJ conducted a residual functional capacity (RFC) assessment. He found that Plaintiff had the RFC to perform a reduced range of light work, and "should use a cane to get to and from the workstation." Admin. R. 45. And the ALJ found that, with respect to Plaintiff's "mental health issues," he

> can understand, remember, and carry out short and simple tasks and instructions[;] can have occasional contact with co-workers and supervisors [but] should have no face to face public work activity[;] [and his] work activity should be routine and repetitive; [and he] can ask simple questions and or request assistance.

Admin. R. 24.

At step four, after considering the RFC determination and the testimony of the vocational expert (VE), the ALJ concluded that Plaintiff is not able to perform

---

other substantial work in the national economy that the plaintiff can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the plaintiff is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

3

his past relevant work. Admin. R. 29. At step five, the ALJ concluded, consistent with the VE's testimony, that, considering Plaintiff's age, education, prior work experience, and RFC, he could perform the following jobs, which exist in significant numbers in the national economy: (1) semiconductor loader; (2) eyeglass frame packager; and (3) print inspector. Admin. R. 30. Thus, the ALJ determined that Plaintiff was not disabled under the Act and, therefore, not entitled to receive disability insurance benefits. Admin. R. 30-31.

Plaintiff appealed the ALJ's decision to the Appeals Council. Admin. R. 5. The Appeals Council found that the appeal did not provide a basis for modifying the ALJ's decision. Admin. R. 5-8. Plaintiff then filed this action in federal district court, in which he contends that the ALJ (1) failed to properly develop the record and based the mental RFC on his own lay interpretation of the evidence; (2) erred by failing to reconcile his mental findings in the "B" criteria at steps two and three of the sequential evaluation process with the limitations he assessed in the RFC determination; and (3) failed to reconcile an apparent conflict between the VE's testimony at the administrative hearing as to Plaintiff's ability to perform certain jobs in the national economy and the requirements for those jobs as set forth in the Dictionary of Occupational Titles (DOT). Pl.'s Br. 5, ECF No. 14.

## Legal Standard

The Court's "review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard.'"

*Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla and less than a preponderance.").

The ALJ, and not the courts, resolves conflicts in the evidence; the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam). Hence, the Court may not substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the Commissioner stated to support her decision. *Copeland*, 771 F.3d at 923. If the Commissioner's findings are supported by substantial evidence, the findings are conclusive, and the Commissioner's decision must be affirmed. *Martinez*, 64 F.3d at 173. A reviewing court must defer to the ALJ's decision when substantial evidence supports it, even if the court would reach a different conclusion based on the evidence in the record. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

Nevertheless, the substantial evidence review is not an uncritical "rubber stamp" and requires "more than a search for evidence supporting the [ALJ's] findings." *Hill v. Saul*, 2020 WL 6370168, at *6 (N.D. Tex. Sept. 29, 2020) (quoting *Martin v. Heckler*, 748 F.2d 1027, 1031 (5th Cir. 1984)), *adopted by*, 2020 WL 6363878 (N.D. Tex. Oct. 29, 2020) (Lindsay, J.). The Court "must scrutinize the record and take into account whatever fairly detracts from the substantiality of the

5

evidence supporting" the ALJ's decision. *Id.* (quoting *Martin*, 748 F.2d at 1031). A no-substantial-evidence finding is appropriate only if there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Id.* (citation omitted).

## **Analysis**

Among Plaintiff's arguments is a single ground that compels remand—that the ALJ "failed to reconcile the apparent conflict between jobs with a Reasoning Level 2 which were cited by the VE and the RFC which limits Plaintiff to short and simple tasks and instructions." Pl.'s Br. 5. For the reasons that follow, the Court agrees and rejects the Commissioner's arguments to the contrary.

"The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant." *Gretta H. v. Kijakazi*, 2022 WL 18107079, at *2 (N.D. Tex. Dec. 30, 2022) (Rutherford, J.) (citations omitted). In establishing the existence of a significant number of jobs available, the ALJ may rely on VE testimony in response to hypothetical questions, as he did in this case, or on the "the Grids," the Medical-Vocational Guidelines promulgated for this determination. *See Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000); 20 C.F.R. Pt. 404, Subpt. P, App. 2.

"[B]efore relying on a VE's opinion, an ALJ must ensure that the VE's opinion does not conflict with the DOT." *Bailey v. Saul*, 853 F. App'x 934, 937 (5th Cir. 2021) (citing SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000)). However, "claimants should not be permitted to scan the record for implied or unexplained

6

conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error." *Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000). "The critical distinction, then, is whether the conflict is merely 'implied or unexplained' or 'direct and obvious.'" *Juan S. v. Kijakazi*, 2022 WL 4098033, at *3 (N.D. Tex. Aug. 18, 2022) (Rutherford, J.) (quoting *Carey*, 230 F.3d at 146-47), *adopted by*, 2022 WL 4100821 (N.D. Tex. Sept. 7, 2022). If the conflict is "direct and obvious," then it is error for the ALJ to rely on the VE's opinion without resolving the conflict. *Id.* (citation omitted).[6] Stated differently, when a "direct and obvious" conflict exists between the VE's testimony and the DOT and the ALJ fails to explain or resolve the conflict, the testimony is "so lessened that reversal and remand for lack of substantial evidence usually follows." *Osborne v. Colvin*, 2015 WL 4755488, at *7 (N.D. Tex. Aug. 12, 2015) (Horan, J.) (citation omitted). "But, when the conflict is

---

[6] *Carey* distinguished implied or indirect conflict from two other types of conflict: (1) the "direct and obvious" conflict, which exists when the VE's testimony conflicts with the DOT, and (2) the "less obvious" conflict, which arises when the VE's testimony "creates a conflict or discrepancy between the ALJ's [RFC] determination . . . and the DOT job descriptions." 230 F.3d at 145-46; *see Dunn v. Colvin*, 2013 WL 4756377, at *5 n.3 (N.D. Tex. Sept. 4, 2013) (Means, J.) (stating that there are two ways VE's testimony can create a direct conflict: (1) when the VE testifies that a particular job requires a particular exertional or skill level when the DOT expressly provides that the job requires a different exertional level and (2) when the VE's testimony places the ALJ's RFC finding or the claimant's specific impairments in conflict with the exertional or skill level or the specific skills required for the identified jobs in the DOT) (citation omitted). "Courts have continued to treat both the 'direct and obvious' conflict and the 'less obvious' conflict as 'direct conflicts,' a category of conflicts separate and distinct from the implied or indirect conflict." *Id.* (citation omitted).

7

implied or indirect, and it did not undergo adversarial cross-examination at the hearing, the ALJ may rely on the VE's testimony without resolving the later-proposed conflict so long as the record reflects an adequate basis for doing so." *Id.* (citation omitted).

At the administrative hearing, the ALJ asked the VE to assume an individual of the same age, education, and work experience as Plaintiff and the following hypothetical:

> First off, let's assume the Claimant can lift just 20 pounds occasionally, or 10 pounds frequently, but his ability to stand and walk would . . . drop down to the sedentary level, which is two hours total in an eight-hour day. He should not use ladders, ropes, scaffolds, or have any crawling work activity. . . . Applying the D criteria for the mental health issues in the four domains[,] [he] has the ability to understand, carry out, and remember *short and simple tasks and instructions*. He can have occasional contact with co-workers and supervisors. He should have no face-to-face public work activity. His work activity should be routine and repetitive. And he has the ability to ask questions or ask for help. Assuming that residual functional capacity, could he perform the past work you noted?

Admin. R. 48-49 (emphasis added).

The VE responded that such an individual could not perform Plaintiff's past work, because "[o]ne position was skilled, and required the ability to follow complex instructions, and semi-skilled, which requires the ability to follow details, and he's limited to simple." Admin. R. 49.

The VE testified, however, that the individual could perform other work, including as a (1) semiconductor loader (DOT #726.687-030); (2) eyeglass frame

packager (DOT #713.684-038); and (3) print inspector (DOT #726.684-050). Admin. R. 50.

The DOT ascribes a reasoning level to every job listed—an estimation of the general mental and psychological capabilities individuals need to perform that job, ranked from a low of reasoning level 1 to a high of reasoning level 6. U.S. Dep't of Labor, Dictionary of Occupational Titles, App. C, Components of the Definition Trailer, 1991 WL 688702. Reasoning level 1 requires a claimant to "[a]pply commonsense understanding to carry out simple one-or two-step instructions" and "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." *Id.* Reasoning level 2 requires a claimant to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and] [d]eal with problems involving a few concrete variables in or from standardized situations." *Id.*

The occupations of semiconductor loader, eyeglass frame packager, and print inspector have a reasoning level of 2. *See* DOT #726.687-030; DOT #713.684-038; DOT #726.684-050.

Plaintiff challenges the ALJ's finding at step five that he could perform these three jobs identified by the VE. He argues that the VE's testimony—that he has the ability to perform the work of a semiconductor loader, an eyeglass frame packager, and a print inspector—conflicts with the DOT's reasoning levels for these positions because the ALJ limited his RFC to "short and simple tasks and instructions" in the hypothetical he posed to the VE. *See* Pl.'s Br. 18. In support of his challenge,

9

Plaintiff cites to several cases, including *David M. v. Kijakazi*, in which the undersigned addressed the nearly identical question of whether there is a conflict or inconsistency between a limitation to "short, simple instructions" and the DOT reasoning level 2. *See David M. v. Kijakazi*, 2023 WL 8007388, at *5-6 (N.D. Tex. Oct. 11, 2023), *adopted by*, 2023 WL 8006408 (N.D. Tex. Nov. 17, 2023). In *David M.*, the Court stated that its research "reveal[ed] no decision from the Fifth Circuit Court of Appeals addressing whether an RFC limitation of 'short and simple tasks and instructions' is inconsistent or in conflict with a VE's testimony that a claimant has the ability to perform reasoning level 2 occupations." *Id.* at *5. The Court noted that "[t]he Fourth Circuit Court of Appeals, however, has held that it is." *See id.* (citing *Thomas v. Berryhill*, 916 F.3d 307, 313-14 (4th Cir. 2019)). In *Thomas*, the Fourth Circuit evaluated an RFC that provided the claimant was "able to follow short, simple instructions and perform routine tasks, but . . . must avoid work involving crisis situations, complex decision making, or constant changes in a routine setting." *Id.* at 310. All three jobs provided by the VE required a reasoning level of 2, and the Fourth Circuit held that the ALJ erred because she "did not identify or resolve an apparent conflict between the DOT and the testimony of the VE." *Id.* at 311. The Fourth Circuit held that there was an "'apparent conflict' between a limitation to 'short, simple instructions' . . . and a need to carry out 'detailed but uninvolved . . . instructions' (as found in jobs requiring Level 2 reasoning)." *Id.* at 313-14 (noting it was "not a categorical rule —some instructions, particularly if they are well-drafted, may be simultaneously short, simple, detailed,

and uninvolved," but explaining the conflict was apparent and the ALJ should have resolved it).

The Fourth Circuit later elaborated that there was a distinction between a limitation to "short, simple instructions" and a limitation to "simple instructions." *Lawrence v. Saul*, 941 F.3d 140, 142-43 (4th Cir. 2019). In *Lawrence*, the court found a restriction to "simple, routine repetitive tasks of unskilled work" was not inconsistent with "Level 2's notions of 'detailed but uninvolved . . . instructions' and tasks with 'a few [] variables.'" *Id.* at 143. But, it distinguished the RFC before it from that in *Thomas*, noting: "the key difference is that Thomas was limited to 'short' instructions. Short is inconsistent with 'detailed' because *detail and length are highly correlated*. Generally, the longer the instructions, the more detail they can include." *Id.* (emphasis added).

In *David M.*, the undersigned also recognized that the Court of Appeals for the Eleventh Circuit has observed that "the primary difference between levels one and two is the length of the instructions – not the complexity." *David M.*, 2023 WL 8007388, at *5 (quoting *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1323-24 (11th Cir. 2021)). *Buckwalter*, however, involved a case where the claimant was limited to simple instructions, but not short and simple instructions, and the Court found no conflict with the ability to perform reasoning level 2 occupations. *Id.* The Court in *Buckwalter* suggested that a different result may be necessary, however, where the claimant was limited to short, as well as simple, instructions. *Id.*

11

In addition to the Fourth and Eleventh Circuit cases, in *David M.*, the undersigned cited to several recent district court decisions finding an apparent or direct conflict between a limitation in the claimant's RFC to "short and simple instructions" and reasoning level 2 occupations which require a claimant to carry out "detailed but uninvolved" written and oral instructions. *David M.*, 2023 WL 8007388, at *5 (citing *Hardy v. Comm'r of Soc. Sec.*, 2022 WL 7145536, at *4 (W.D. Tex. Oct. 12, 2022) (holding that the "VE's testimony that [claimant] could perform the jobs of stuffer and polisher, both of which require the ability to carry out 'detailed' instructions [per a DOT reasoning level of 2]," directly conflicts with the ALJ's RFC limiting claimant to occupations with "short, and limited instructions"); *Chatmon v. Kijakazi*, 2023 WL 5395942, at *4 (W.D. Okla. Aug. 22, 2023) (finding direct conflict between occupations with a reasoning level of 2 and an RFC limiting claimant to "short and simple instructions"); *C.H.C. v. Comm'r, Soc. Sec. Admin.*, 2022 WL 950433, at *8 (D. Colo. Mar. 29, 2022) (finding an apparent conflict between the RFC requirement of "short, simple instructions" and the reasoning level 2 requirement of "detailed but uninvolved instructions" required for the jobs identified by the vocational expert); and *Johnson v. Saul*, 2020 WL 1429244, at *5 (W.D.N.C. Mar. 19, 2020) (same)); *cf. Gurley v. Saul*, 2020 WL 6218459 at *7 (D.S.C. June 24, 2020) ("Because Plaintiff was limited to 'simple,' rather than 'short,' instructions, there is no apparent unresolved conflict between the ALJ's RFC recommendation and the jobs identified by the vocational expert.").

> In *David M.*, the undersigned concluded that
>
>> [i]n light of the case law, record before the court, and the ALJ's duties pursuant to SSR 00-4p, and in the absence of any binding authority to the contrary, . . . the ALJ's RFC determination limiting Plaintiff to tasks with 'short, simple' instructions is inconsistent or in direct conflict with the VE's testimony that Plaintiff could perform [jobs with Level 2 reasoning skills]").

*David M.*, 2023 WL 8007388, at *6.

In response, the Commissioner makes no attempt to distinguish *David M.* or the litany of cases cited therein, but cites *Powell v. Kijakazi*, 2023 WL 2563738, at *14 (N.D. Tex. Feb. 27, 2023), *adopted by*, 2023 WL 2563088 (N.D. Tex. Mar. 17, 2023) for its holding that "[c]ourts in the Fifth Circuit as well appellate and district courts outside the Fifth Circuit, have already determined that there is no direct or apparent conflict between an RFC limiting a plaintiff to simple instructions or tasks and a VE's testimony that a plaintiff may perform work at a reasoning level of two." Def.'s Br. 10, ECF No. 21 (citing *Powell*, 2023 WL 2563738, at *14) (cleaned up) (in turn quoting *Smith v. Colvin*, 2014 WL 1407437 (N.D. Tex. Mar. 24, 2014), *adopted by*, 2014 WL 1407440, at *6 (N.D. Tex. Apr. 11, 2014)).

In reply, Plaintiff contends that whether a claimant limited to simple instructions may perform work with a reasoning level of 2 "misses the point." Pl.'s Reply 6, ECF No. 22. This is because "Plaintiff raised the issue of whether there is a conflict or inconsistency between a limitation to *short and simple* instructions and the DOT Reasoning Level 2, as was addressed in *David M. v. Kijakazi*[,]" and not whether there is a conflict between simple instructions and the DOT Reasoning

13

Level 2. *Id.* (original emphasis).[7] The Court agrees that whether a claimant limited to simple instructions may perform work with a reasoning level of 2 is not dispositive of the issue presented here, which involves "short and simple" tasks and instructions. Admin. R. 48.

Here, as in *David. M.* and the cases discussed therein, the RFC limited Plaintiff to "short and simple" tasks and instructions, not just simple tasks and instructions, and the jobs cited by the VE all require a DOT Reasoning level of 2. The Court agrees with Plaintiff, based on the reasoning articulated above and in *David M., supra*, that the ALJ's RFC determination limiting Plaintiff to tasks with "short and simple" tasks and instructions is inconsistent or in direct conflict with the VE's testimony that Plaintiff could perform the jobs of semiconductor loader, eyeglass frame packager, and print inspector, all requiring DOT level 2 reasoning and, therefore, the ability to carry out "detailed" (i.e., longer) instructions.

While the Court does not find that "short and simple" instructions or tasks necessarily preclude jobs with level 2 reasoning skills, the Court does find, pursuant to the above-referenced case law and on the record before it, that the ALJ

---

[7] Although the RFC in *Powell* limited claimant to "simple tasks with short, simple instructions," *Powell*, 2023 WL 2563738, at *7, in finding no apparent conflict between the VE's testimony and the DOT, the court in *Powell* relied *solely* on cases involving "simple" instructions or tasks and a VE's testimony that a plaintiff may perform work at a reasoning level of two. *See id.* at *14 and n.10 (citing cases). In *David M.*, by contrast, the Court canvassed the case law concerning "short *and* simple" instructions and tasks and a VE's testimony that a plaintiff may perform work at a reasoning level of two, *see* 2023 WL 8007388, at *5-6 (collecting cases), rendering *David M.* more analogous to this matter.

14

must explain the apparent conflict. Again, in the instant case, the ALJ failed to address the conflict revealed in the VE's testimony regarding the salient issue. The ALJ's generic inquiry of whether there was a conflict between the VE's testimony and the DOT was insufficient to do so. *See* Admin. R. 51; *see also Bradley V. v. Comm'r, Soc. Sec. Admin.*, 2024 WL 4229994, at *3 (N.D. Tex. Aug. 23, 2024) ("That cursory procedure doesn't even identify or acknowledge the conflict at issue. It also doesn't comply with SSR 004-p, once a significant issue like this requiring further investigation is identified.") (quotation marks and citation omitted), *adopted by*, 2024 WL 4229298 (N.D. Tex. Sept. 18, 2024). Nor does the ALJ's general statement in his decision that "the VE's testimony is consistent with the information contained in the [DOT]" satisfy his burden to explain the apparent conflict. Admin. R. 30; *see Bradley V.*, 2024 WL 4229994, at *3 ("Nowhere in the ALJ's decision is there justification for relying on the VE's testimony, other than the general statement that the VE's testimony is consistent with the information in the DOT.") (quotation marks and citation omitted).

Moreover, even if the Court did find the conflict here to be indirect, implied, or tangential, the Court would still find error. In such cases, there still must be an "adequate basis" in the record for reliance on the VE testimony, in spite of the conflict. *See Carey*, 230 F.3d at 146. The Commissioner fails to identify any basis in the record for her assertion that Plaintiff can follow detailed or lengthy instructions when working.

Finally, the Court declines to find that Plaintiff forfeited this point of error by failing to raise it at the administrative hearing.[8] SSR 00-4p places an affirmative obligation on the Commissioner to elicit such testimony in the context of a direct conflict, not the claimant. "[I]t is difficult to understand how [a claimant] forfeits error involving a significant conflict or problem with the record (not a minuscule, tangential one) by failing to demand that the ALJ act consistent with the Commissioner's own Rulings and both identify and solve conflicts and fully develop the record." *Hardy*, 2022 WL 7145536, at *6 (citation omitted). And, even if the conflict were indirect or implied, as previously noted, the Court would still find error because there still must be an "adequate basis" in the record for reliance

---

[8] The Commissioner urges the Court to find that Plaintiff waived his argument regarding an apparent conflict, citing *Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000) and *Bailey v. Saul*, 853 F. App'x 934, 937 (5th Cir. 2021). *See* Def.'s Br. 9. The Court finds *Carey* inapposite because in *Carey*, the conflict between the VE's testimony and the DOT was only "implied or indirect" or "tangential," and the record otherwise reflected an adequate basis for relying on the VE's testimony. *See Carey*, 230 F.3d at 145-146. The Fifth Circuit explained that the VE's testimony in that case "comport[ed] with both the DOT [description] and the ALJ's determination of Carey's residual functional capacity," and Carey's argument amounted to a "factual disagreement" with the expert's testimony about whether he could perform the jobs proffered by the VE. *Id.* at 146. Here, on the other hand, the VE's testimony created a direct conflict between the RFC found by the ALJ ("short and simple tasks and instructions") and the DOT descriptions for the jobs proffered by the VE. *See id.* at 145-46 (including this "less obvious" type of conflict in a category separate and apart from the category of indirect or implied conflicts). Moreover, nothing in this case indicates that the VE clearly appreciated the conflicts between the DOT and the claimant's RFC. Nor is there anything that indicates she would have maintained her testimony had she been confronted with the conflicts. *Bailey v. Saul* is, likewise, inapposite, because in that case there was no conflict between the VE's opinion and the DOT. *Bailey*, 853 F. App'x at 937. The Commissioner has failed to present any binding authority that calls for a different conclusion under the facts of this case.

16

on the VE testimony, in spite of the conflict, and here there was not. *See Carey, 230 F.3d at 146*.

Nevertheless, because "[p]rocedural perfection in administrative proceedings is not required" and a court "will not vacate a judgment unless the substantial rights of a party have been affected," Plaintiff must show he was prejudiced by the ALJ's failure to resolve this conflict. *See Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988)* (per curiam). To establish prejudice, he must show that the ALJ's failure to resolve the conflict in the VE's testimony and the DOT casts doubt onto the existence of substantial evidence supporting the disability determination. *See McNair v. Comm'r of Soc. Sec. Admin., 537 F. Supp. 2d 823, 837 (N.D. Tex. 2008)* ("Procedural errors in the disability determination process are considered prejudicial when they cast doubt onto the existence of substantial evidence in support of the ALJ's decision.") (citing *Morris v. Bowen, 864 F.2d 333, 335 (5th Cir. 1988)*).

In this case, the ALJ's failure to resolve the conflict between the VE's testimony and ALJ's RFC limitation of "short and simple" tasks and instructions is clearly harmful. The Commissioner found Plaintiff to be not disabled because he could perform other work in the national economy, specifically, the jobs of a semiconductor loader, an eyeglass frame packager, and a print inspector. Admin. R. 30. This step five determination relied directly on the VE's testimony creating the conflict. In light of the absence of any explanation as to why Plaintiff can perform the identified jobs despite his limitations, the Commissioner has not

satisfied her burden to show that a significant number of jobs exist in the national economy that Plaintiff can perform. Had the ALJ identified the conflict, the VE may have concluded that Plaintiff could not perform the identified jobs given his limitations (or may have concluded he could). The critical point is that, "without some explanation for the conflict, the Court cannot conduct a meaningful judicial review." *Juan S.*, 2022 WL 4098033, at *4 (citation omitted) (cleaned up); *see Osborne*, 2015 WL 4755488, at *7 ([W]hen a "direct and obvious" conflict exists between the VE's testimony and the DOT and the ALJ fails to explain or resolve the conflict, the testimony is "so lessened that reversal and remand for lack of substantial evidence usually follows."); *see also David M.*, 2023 WL 8007388, at *6 (finding that "the ALJ's failure to resolve the conflict between the VE's testimony and ALJ's RFC limitation of 'short, simple instructions' is clearly harmful" and "remand is required"); *Johnson*, 446 F. Supp. 3d at 37 (finding ALJ's failure to identify and resolve conflict between RFC limiting claimant to "short, simple instructions" and level 2 reasoning jobs in VE's testimony is not harmless and constitutes "reversible error"); *Hardy*, 2022 WL 7145536, at *6 (same). Accordingly, the ALJ's error was harmful, and remand is required in this case.

## Conclusion and Order

Because substantial evidence does not support the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act, the Court REVERSES the hearing decision and REMANDS the case to the Commissioner of Social Security for further proceedings consistent with this opinion.

**SO ORDERED.**

March 3, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE